Good morning, Your Honors. Joan Fenstermaker for Plaintiff's Appellants. Good morning, Your Honors. Kurt Foyer on behalf of Defendants and Plaintiffs. Anthony Ruchis and Eric Johnstone. Mark Sherman on behalf of the Koulioufis Defendants. That's Dimitrios Irene and Harry Koulioufis. Are you fellows going to split the time? We are, Your Honor. He'll take more of the time, Your Honor, and start first. I have a sliver, basically, to follow up with. Okay. And the appellant, do you want some time for rebuttal? Yes, Your Honor. Okay. Now, how much time? Just probably a few moments, I would imagine. Okay. That would be fine. All right. Well, let's begin. Thank you. You know, we asked you to brief the question of jurisdiction because there was a defendant here who wasn't served, and you don't have the language in there to show that it's a final order or that you have a right to appeal with that language. So do you want to address that? I mean, how do we have jurisdiction here? I would like to address that. Thank you. After the court brought that issue to our attention, I did do some legal research, and I believe that I found several cases which would support this court having jurisdiction, and I'd like to briefly address a few of those cases. Okay. And what cases are those? The first is the Illinois Supreme Court case of Towns v. Yellow Cab Company, 73 Ill 2nd, 113. Okay. And what does the Towns case tell us? The Towns case tells us that when there are parties who are basically in unity, even if there is a party that has not been served, if their interests are intertwined with the interests of the parties who did file the motion to dismiss, and that was granted, that the court can have jurisdiction. In the Towns case, that case was a personal injury case as a result of an automobile accident, and the trial court had dismissed the plaintiff's complaint with prejudice as a result of failure to answer discovery. Thereafter, the cab driver, defendant Smith, was served and filed a motion claiming that the earlier judgment as to the cab company was res judicata. The trial court granted that motion and dismissed the case against Smith with prejudice. The appellate court affirmed, as did the Supreme Court, and the Supreme Court noted that the judgment for either the master or a servant arising out of an action predicated upon the alleged negligence of the servant bars a subsequent suit against the other for the same claim of negligence, even when that party is not a suit at the time the judgment is entered or has not been served when the party was – when the judgment was entered. Excuse me. I'm sorry. I'm nervous and stumbling over my words. In the Towns case, was there 304A language? There was not. The Supreme Court did find that there was jurisdiction to hear the appeal, however. The next court – next case that I found was a First District appellate court case, Merritt v. Randall Painting Company, 314 Illap 3rd, 556. And that was a 2000 – a year 2000 case. In that case, this court also found it had jurisdiction to hear the appeal, that a plaintiff in that case had sued seven defendants, but only three of them had been served. The three served defendants joined in a motion to dismiss, which was granted by the trial court. In considering whether it had jurisdiction, this court stated, we must determine whether the trial court intended its dismissal to be only with regard to the served defendants who pursued the motion to dismiss or whether it intended to dismiss the complaint in its entirety. Merritt court held that since the liability of one of the served defendants was, quote, predicated in part upon the alleged acts of its agents and employees, the four unserved defendants together constituted a unified court teaser and therefore interpreted the trial court's order as a dismissal of the complaint in its entirety and found that the appellate court did have jurisdiction to hear the appeal. Well, in this case, you know, those are exceptions to the rule, you know, whether, you know, they're interwined together, the defendants. But in this case, the order that was entered by the trial court dismissing accounts 7 and 11 were expressly directed at a particular defendant and are not all encompassing, as the Supreme Court tells us it must be. In this case, I would argue that the defendant who was not served, a person who was named as Bayron Parker, our best information. I mean, how do you show that person's relationship with the defendants who were dismissed here? I would direct the court to certain paragraphs of the second amended complaint in the facts common to all counts, specifically paragraphs 19, 22, 24, 27, 40, and 45. In one of those paragraphs, we allege that the unserved defendant, Bayron Parker, told the plaintiffs that he was employed by one of the defendants who did file the motion to dismiss. Well, the second amended complaint alleges conduct attributed to the defendant Parker alone and not to any of the other defendants. But we also allege that he was employed by one of the other defendants. So in this case, I think the allegations of the second amended complaint support a finding that the person named in the complaint as Bayron Parker, who, by the way, we don't think is a real name. I mean, the complaint alleges that Parker broke down the front door of the apartment and physically prevented the plaintiff from having full access to the apartment. And what does that have to do with the other defendant? That he was employed by one of the other defendants. He told our clients that he was paid by one of the other defendants. And I think taking the allegations as a whole, it would support a finding that the person named as Bayron Parker was an agent of the defendants other than the Cooley Office defendants, the defendants who did file the motions to dismiss Johnston, Ruches, and Urban Realty Works, LLC. But how about the conduct of that defendant? How does that conduct relate to Parker in any way? I'm sorry? How does the conduct of that defendant relate to Parker in any way? The conduct of the defendants Johnston, Ruches, and Urban Realty Works? Yeah. Looking at the allegations of the complaint and the reasonable inferences therefrom, I think it supports an allegation that the intent of all of these actions of the parties was to get this property vacant for the purpose of 660 Lake, LLC, taking ownership and possession of this property. And I think all of the facts pled relate to that scheme, so to speak. Do you have any case that says that a person's subjective intent would be enough to reach this all-encompassing test that the Supreme Court has given us? Well, both the Merritt case and the Towns case say that one of the important factors is the trial court's intent, whether the trial court intended to dismiss the action as a whole or only as to certain defendants. Yes, right. And I believe there are certain facts that support that. With respect to the RLTO claims, counts one through six, the trial court's order of January 17, 2018, indicated that those counts were dismissed with prejudice based on the statute of limitations. It did not indicate that it was entering the order with prejudice only as to certain defendants. It indicated it was dismissing those counts entirely. On April 16, 2019, when the trial court granted Urban Realty Works, LLC's motion to vacate the default judgment and granted its motion to dismiss, that order was entered on a case management order, which Line 5 provides for any future date to be entered, which was left blank. I believe that evidenced the trial court's intention that the entire case was dismissed at that time, similarly to Merritt and Towns. In fact, there were no further proceedings in the trial court. I think the parties to the case believed and acted as if the case itself had been disposed. I think that, in part, is evidenced by none of the appellees in this case raising the issue of jurisdiction either. I believe everyone thought the case had been fully resolved. Okay. Shall I continue with the rest of my argument, or? Well, you've almost used up most of your time, you know, and we're basically interested in the jurisdictional issue at this point in time. Okay. So why don't you reserve some time for rebuttal. Thank you for your attention. Okay. Good morning, Your Honors. What do you have to say about the jurisdiction? Upon the court's direction, I looked into it. My research took a very different tack, and I really don't think – I think that there's no jurisdiction for a very different reason, and that is that as of November 15, 2018, when the court dismissed the remaining counts on the 2615 and 2619 motions with prejudice, that that was the final judgment in this case with respect to the defendants that are here. And I would like to refer the court to some authority that I found. This is a case, Juan, W-O-N, versus Park. It is a First District case, 2013, ILAP, First 122523. And in that case, the court held that under Rule 303A1, that the notice of appeal has to be filed within 30 days, and I'll quote, after the entry of the final judgment appealed from, end quote. And here, plaintiff is appealing from the dismissal of counts 7 through 11, which occurred on November 15, 2018, and also the dismissal of counts 1 through 6 that occurred much earlier. It was initially dismissed on January 17, 2018. They did file a motion to reconsider, and that was denied on May 8, 2018. So the last judgment in this case against the defendants who are before this court and the orders that are being appealed before this court, that last order was November 15, 2018, which dismissed counts 7 through 11 against the defendants before this court with prejudice. The only, and also on that date, 11-15-2018, default judgment was entered against Urban Realty, LLC, and 660 Lake, LLC. Those were the only defendants active in the, well, those defendants did not, are not the subject of this appeal. With respect to Bayron Parker, he was never part of the case. He was never served. So I don't think he really comes into play in terms of when was there a final judgment on this appeal. After November 15, 2018, there were no motions to reconsider filed or any other motion with respect to that dismissal order or the defendants before the court. So looking into the issue at the court's direction and based on this case that I've just referred to, we think the 30 days to file the notice of appeal began to run on November 15, 2018. There was no further action in the case by or with respect to these defendants or that order. The only thing that happened after that was there was a prove-up of damages against 660 Lake, LLC. That's not being appealed. And then Urban Realty did file a motion to reconsider of that November 15 order of default against it. That was granted, and the claims against Urban Realty were dismissed. That was on April 16, 2019, and it's that date that the plaintiff used as their 30-day period to file the notice of appeal, which was filed on May 15, 2019. So our position, after being directed by the court to review this, is that as of November 15, 2018, that was the entry of final judgment that's being appealed from. There was no further order, motion, or activity with respect to those claims or the earlier dismissed claims. So we're urging the court to indeed find that there was no jurisdiction because the notice of appeal was not timely filed. With respect to the substance of the case, we will just stand on the arguments made in our brief unless the court has any questions for me about that. I don't know if my counsel or co-counsel would like to add anything. Good morning. My name is Mark Sherman on behalf of the Cooley Office of Defendants. As to the jurisdictional argument, I have nothing to add. I'm not familiar, but the case is cited by the appellant's attorney, and so I can't speak directly to those and don't have anything to add to Mr. Fuhrer's argument with regard to that. Again, I wanted to reserve some time in case Your Honors had any questions with regard to the Cooley Office of Defendants appellee's position, and happy to speak to any of the questions or the issues. We think as to those matters, the key for purposes of the trial court's ruling, assuming that Your Honors take up the issue of the underlying 615-619, the 619.1 motion to dismiss that was filed several times, is that. Well, we can't do that if we don't have jurisdiction. Absolutely, Your Honors. And you'll determine that. So I was only going to say that in that last go-around, in the second amended complaint, the third time the plaintiff's filed a complaint, they removed, specifically removed the prior paragraph 34 saying that my clients had any relationship with or hired the other, quote, unquote, actors. And we think that that was dispositive. We think that's what the trial court looked at, in addition to the affidavits that were filed and that were not responded to. So that was the only thing I wanted to add to that. If Your Honors have no other questions, then I'll sit down. Thank you very much. Thank you for your time, judges. Good morning again. Joan Penstermaker for Appellants. I would like to address the arguments made by Mr. Fuhrer, Counsel for Defendants Ruches and Johnstone. At the time the November 15, 2018, order was entered, two of the principals, 660 Lake LLC and Urban Realty Works, LLC, their claims had not finally been disposed of at that time. Later on February 28, 2019, judgment was entered against those two entities. On March 8, Urban Realty Works filed their appearance and a couple of days later filed their motion to vacate that default judgment and a 2615 motion to dismiss. Those motions were granted by the court on April 16, 2019. And at that time there were no further claims pending before the court. I think that is further evidenced by the fact that on April 8, 2018, when the trial court denied my motion to reconsider, it also denied my request for 304A language as to counts one through six of the complaint because there were still parties and claims that had not been adjudicated at that time. So I do not think that the final order was entered in this case until April 16, 2019. Thank you. We will give you an order shortly. Thank you very much for the arguments and your research. Thank you.